**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| LEE JONES, ) | Case No. 1:22-CV-01133-BMB |
| ) | |
| Petitioner, ) | JUDGE BRIDGET MEEHAN BRENNAN |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | JENNIFER DOWDELL |
| ) | ARMSTRONG |
| WARDEN, DOUGLAS FENDER ) | |
| ) | |
| Respondent. ) | **REPORT & RECOMMENDATION** |
| ) | |

## I.    INTRODUCTION

Petitioner, Lee Jones ("Mr. Jones"), seeks a writ of habeas corpus under 28 U.S.C. §
2254. (ECF No. 1). Mr. Jones was sentenced to 40 years in prison for rape, kidnapping, and
felonious assault.

Mr. Jones asserts a single ground for relief. Respondent ("Warden") filed an
answer/return of writ on December 14, 2023. (ECF No. 7). Mr. Jones filed a traverse on
January 19, 2024. (ECF No. 8). The Warden filed a reply to Mr. Jones' traverse on February
1, 2024. (ECF No. 9). This matter was referred to me on September 13, 2022 under Local
Rule 72.2 to prepare a report and recommendation on Mr. Jones' petition. (*See* ECF non-
document entry dated September 13, 2022). For the reasons set forth below, I recommend
that Mr. Jones' petition be DISMISSED and/or DENIED. I further recommend that the Court
not grant Mr. Jones a certificate of appealability. Finally, I recommend that the Court

substitute Warden Tim McConahay as the respondent for Warden Douglas Fender.[1]

## II. RELEVANT FACTUAL BACKGROUND

For purposes of habeas corpus review of state court decisions, a state court's findings of fact are presumed correct and can be contravened only if the habeas petitioner shows, by clear and convincing evidence, that the state court's factual findings are erroneous. 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state court of appeals based on the state trial court record. *Mitzel*, 267 F.3d at 530. The Ohio Court of Appeals for the Eighth Appellate District summarized the facts as follows:

{¶ 3} In December 2007, Jones was named in a five-count indictment in Cuyahoga C.P. No. CR-07-504454-A. He was charged with kidnapping in violation of R.C. 2905.01(A)(2), with one- and three-year firearm specifications; rape in violation of R.C. 2907.02(A)(2), with one- and three-year firearm specifications; kidnapping in violation of R.C. 2905.01(A)(2), with a sexual motivation specification and sexually violent predator specifications; rape in violation of R.C. 2907.02(A)(2), with a sexually violent predator specification and one- and three-year firearm specifications; and rape in violation of R.C. 2907.02(A)(2), with a sexually violent predator specification and one- and three-year firearm specifications.

{¶ 4} In August 2008, Jones was named in a five-count indictment in Cuyahoga C.P. No. CR-08-514849-A. He was charged with rape in violation of R.C. 2907.02(A)(2); felonious assault in violation of R.C. 2903.11(A)(1); felonious assault in violation of R.C. 2903.11(A)(2); kidnapping in violation of R.C. 2905.01(A)(4), with a sexual motivation specification; and aggravated burglary in violation of R.C. 2911.11(A)(1).

{¶ 5} In November 2008, the trial court held a consolidated plea hearing. Following an extensive Crim.R. 11 colloquy, Jones pleaded guilty in Case No. CR-07-504454-A to kidnapping, as amended in Count 1; rape, as amended in Count 2; kidnapping, as amended in Count 3; and rape as amended in Count 4. As part of the plea agreement, the specifications attached to Counts 1-4 were deleted. The remaining count was nolled. In Case No. CR-08-514849-A, Jones pleaded guilty to rape and felonious

---

[1] Mr. Jones named Warden Douglas Fender as the respondent in his petition. (ECF No. 1). In the return of writ, respondent states that Mr. Jones is currently incarcerated at Mansfield Correctional Institution, and that Warden Tim McConahay is the warden of that institution, and thus the proper respondent in this proceeding. (ECF No. 7, PageID # 30, n.1; *see also* https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A560986 (last accessed July 9, 2024). I therefore recommend that the Court substitute Warden Tim McConahay for Warden Douglas Fender as the respondent in this proceeding.

assault as charged in Counts 1 and 2 of the indictment. The remaining counts were nolled.

{¶ 6} In December 2008, Jones was sentenced to a 20-year prison term in Case No. CR-07-504454-A. Jones was further sentenced to a 10-year prison term in Case No. CR-08-514849-A. The sentences imposed in each case were ordered to run consecutively to each other, and consecutive to a 10-year prison term imposed in an unrelated case. Accordingly, the trial court imposed a total prison sentence of 40 years.

{¶ 7} Jones did not file a direct appeal in either case. However, in November 2018, nearly ten years after sentencing, Jones filed a consolidated motion to withdraw his guilty pleas pursuant to Crim.R. 32.1. In his motion to withdraw, Jones argued that his convictions in Case Nos. CR-07-504454-A and CR-08-514849-A must be vacated because he "was deprived of effective assistance of counsel prior to entering his plea, thereby, [his] plea was not knowingly, intelligently entered." Referencing his "mental handicap" and "learning disability," Jones suggested that trial counsel coerced his guilty plea by inaccurately advising him that he "would receive an aggregate sentence of 2 to 3 years of probation for [C.P. Nos. CR-07-504454-A and CR-08-514849-A]." Jones further maintained that "trial counsel never investigated any possible defenses, nor contacted any potential witnesses for the defense, but counsel allowed Jones to enter a guilty plea, despite Jones telling his attorney that he wanted to take the aforementioned case to trial."

{¶ 8} In support of his claims, Jones submitted affidavits from himself; his mother, Carrie Jones ("Carrie"); and his brother, Freddie Jones ("Freddie"). Collectively, the affidavits alleged that (1) trial counsel privately led Jones, Carrie, and Freddie to believe Jones would be sentenced "to 2-3 years of probation for his 2007 and 2008 cases"; (2) Jones is "mentally challenged"; and (3) Jones wished to proceed with a trial, but pleaded guilty due to trial counsel's "false promises."

{¶ 9} In December 2018, the trial court denied the motion to withdraw without a hearing. The court stated, in relevant part:

> As defendant's motion was not made until ten years after sentencing, the court finds that this motion is not timely. Defendant has not presented any evidence to demonstrate that he was unable to learn of any factual basis for his claims. The court finds that case law cited by defendant is not applicable to the circumstances herein, inasmuch as a hearing is not required as to a motion made after sentencing.
>
> Contrary to claims asserted in affidavits in support of defendant's motion, there was no claim made and there is no evidence presented as to defendant being mentally challenged or having a learning disability. Furthermore, defendant was advised on the record at the time of his plea that probation was not possible in either case. Additionally, defendant was assisted at all times by retained counsel and was so advised. Defendant's competency/sanity examination finds a history

of psychotic disorder, "in remission" and "mild mental retardation," which were not found to render defendant not competent.

(ECF No. 7-1, Exhibit 38); *State v. Jones*, Nos. 108073 and 108089, 2019 WL 5459197, 2019-Ohio-4355 (8th Dist. Oct. 24, 2019).

## III.  PROCEDURAL HISTORY

### A.  <u>State Court Conviction</u>

#### 1.  *Case Number CR-07-504454*

On December 10, 2007, Mr. Jones was indicted in the Cuyahoga County Court of Common Pleas in Case Number CR-07-504454 on: (1) two counts of kidnapping in violation of R.C. §§ 2905.01(A)(2), 2905.01(A)(3), and/or 2905.01(A)(4); and (2) three counts of rape in violation of R.C. § 2907.02(A)(2). (ECF No. 7-1, Exhibit 1). Certain of the charges also carried one- and three-year firearm specifications, sexual motivation specifications, and/or sexually violent predator specifications. *Id*. On January 24, 2008, Mr. Jones pled not guilty to the charges. (ECF No. 7-1, Exhibit 2). On September 5, 2008, the state moved to join the case with two other cases pending against Mr. Jones, CR-514849 and CR-515076, in which Mr. Jones faced similar charges. (ECF No. 7-1, Exhibit 3).

On November 5, 2008, Mr. Jones withdrew his plea of not guilty and pled guilty to two counts of kidnapping and two counts of rape. (ECF No. 7-1, Exhibit 4). The remaining count of rape and the specifications were dismissed. *Id*.

On December 12, 2008, the trial court conducted a sentencing hearing. (ECF No. 7-1, Exhibit 5). The court sentenced Mr. Jones to ten years on each count. *Id*. The court ordered that Mr. Jones would serve Counts One (kidnapping) and Two (rape) concurrently to each other and would serve Counts Three (kidnapping) and Four (rape) concurrently to each other but would serve his sentence on Counts One and Two consecutively to his sentence on Counts

4

Three and Four, for a total sentence of 20 years. *Id*. Mr. Jones did not file a direct appeal from the trial court's sentencing order.

### 2. *Case Number CR-08-514849*

On August 25, 2008, Mr. Jones was indicted in the Cuyahoga County Court of Common Pleas in Case Number CR-08-514849 on (1) one count of rape in violation of R.C. § 2907.02(A)(2); (2) one count of felonious assault in violation of R.C. § 2903.11(A)(1); (3) one count of felonious assault in violation of R.C. § 2093.11(A)(2); (4) one count of kidnapping with a sexual motivation specification in violation of R.C. §§ 2905.01(A)(4) and 2941.147; and (5) one count of aggravated burglary in violation of R.C. § 2911.11(A)(1). (ECF No. 7-1, Exhibit 6). On August 28, 2008, Mr. Jones pled not guilty to all charges. (ECF No. 7-1, Exhibit 7).

On November 5, 2008, Mr. Jones withdrew his plea of not guilty and pled guilty to one count of rape and one count of felonious assault. (ECF No. 7-1, Exhibit 8). The remaining charges were dismissed. *Id*. On December 12, 2008, the trial court sentenced Mr. Jones to ten years on each count. (ECF No. 7-1, Exhibit 9). The court ordered that Mr. Jones would serve both sentences concurrently, for a total sentence of 10 years. *Id*. The court also ordered that Mr. Jones would serve his sentence consecutively to his sentence in Case Number CR-07-504454. *Id*. As the Eighth Appellate District found, Mr. Jones' sentences in CR-07-504454 and CR 08-514849 were also ordered to run consecutively to a 10-year sentence that Mr. Jones received in an unrelated case, for a total sentence of 40 years. (ECF No. 7-1, Exhibit 38, ¶ 6). Mr. Jones did not file a direct appeal from the trial court's sentencing order.

### B. Motion to Correct Sentence

On October 8, 2010, Mr. Jones, acting *pro se*, filed a motion in the trial court to correct a legally incomplete sentence in Case Number CR-07-504454, arguing that the sentencing

entry was incomplete because it did not inform him that he could be sent to prison if he violated the conditions of his post-release control.  (ECF No. 7-1, Exhibit 10). On November 18, 2010, the trial court denied Mr. Jones' motion. (ECF No. 7-1, Exhibit 12). On December 6, 2010, Mr. Jones, acting *pro se*, filed a notice of appeal to the Eighth Appellate District. (ECF No. 7-1, Exhibit 13). On February 15, 2011, the Eighth Appellate District *sua sponte* dismissed Mr. Jones' appeal for failure to file an appellate brief. (ECF No. 7-1, Exhibit 14).

### C.  Petition for Writ of Mandamus

On March 8, 2011, Mr. Jones, acting *pro se*, filed a petition for a writ of mandamus in the Eighth Appellate District. (ECF No. 7-1, Exhibit 15). Mr. Jones argued that he was entitled to a writ of mandamus because his sentencing entry was legally incomplete. On July 8, 2011, the Eighth Appellate District granted the respondents' motions to dismiss and for summary judgment and denied Mr. Jones' petition. (ECF No. 7-1, Exhibits 18-20).

### D.  Motion to Compel

On July 17, 2015, Mr. Jones, acting *pro se*, filed a motion in the trial court for an order compelling the Ohio Bureau of Sentencing Computation to correct what Mr. Jones asserted was a facially obvious error regarding his sentence. (ECF No. 7-1, Exhibit 21). In particular, Mr. Jones asserted that the Bureau had incorrectly calculated his total sentence as 40 years rather than 20 years. On September 25, 2015, the trial court denied Mr. Jones' motion and affirmed that his 40-year sentence was accurate. (ECF No. 7-1, Exhibit 22).

### E.  Motion for New Counsel

On June 26, 2018, Mr. Jones, acting *pro se*, filed a motion for the appointment of new counsel. (ECF No. 7-1 Exhibit 23). On July 2, 2018, the court denied Mr. Jones' motion because he had no matters currently pending before the court. (ECF No. 7-1, Exhibit 24).

**F.  Motion to Vacate Sentence**

On November 30, 2018, Mr. Jones, acting *pro se*, filed a motion to withdraw his guilty plea and vacate his conviction pursuant to Ohio Criminal Rule 32.1, asserting that his plea was not knowing, voluntary, and intelligent because he was denied the effective assistance of counsel. (ECF No. 7-1, Exhibit 25). In particular, Mr. Jones asserted that his counsel erroneously advised him and some of his family members that he would receive a sentence of two-to-three years of probation in Case Numbers CR-07-504454 and CR-08-514848 if he pled guilty, even though a defendant convicted of rape cannot receive a sentence of probation under Ohio law. *Id*. Mr. Jones also asserted that he suffers from a mental health handicap and a learning disability. *Id*. Mr. Jones supported his motion with affidavits from himself, his mother, and his brother. *Id*.

On December 11, 2018, the trial court denied Mr. Jones' motion as untimely because he did not file it until ten years after he was sentenced. (ECF No. 7-1, Exhibit 26). The court further found that there was no evidence supporting Mr. Jones' claim that he suffered from a mental health handicap or a learning disability. *Id*. Finally, the court found that Mr. Jones was "advised on the record at the time of his plea that probation was not possible in either case." *Id*.

On January 7, 2019, Mr. Jones, acting *pro se*, timely filed a notice of appeal to the Eighth Appellate District in Case Number CR-07-504454. (ECF No. 7-1, Exhibit 27). On January 9, 2019, Mr. Jones filed a notice of appeal in Case Number CR-08-514849 as well. (ECF No. 7-1, Exhibit 28). The Eighth Appellate District *sua sponte* entered an order in both cases providing that Mr. Jones' appeals would be treated as companion appeals. (ECF No. 7-1, Exhibits 29-30).

On April 9, 2019, Mr. Jones filed his appellate briefs, raising the following

assignments of error in both appeals:

1. Trial court abused its discretion when it denied Appellant's post-sentence motion to withdraw his guilty plea (Crim.R.32.1) in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

2. Trial court erred when it denied Appellant's post-sentence motion to withdraw his guilty plea without a hearing where Appellant presented sufficient operative facts to support the aforementioned motion.

(ECF No. 7-1, Exhibits 31-32).

On September 24, 2019, the Eighth Appellate District *sua sponte* consolidated Mr. Jones' appeals. (ECF No. 7-1, Exhibit 37). On October 24, 2019, the Eighth Appellate District affirmed the trial court's denial of Mr. Jones' motion to withdraw his guilty pleas. (ECF No. 7-1, Exhibit 38). On July 16, 2024, Mr. Jones filed a notice of appeal in both cases to the Ohio Supreme Court. (ECF No. 7-1, Exhibit 40). On September 28, 2020, Mr. Jones, acting *pro se*, filed another notice of appeal to the Ohio Supreme Court in both cases. (ECF No. 7-1, Exhibit 39). Mr. Jones also filed motions for leave to file delayed appeals, which the Ohio Supreme Court granted. (ECF No. 7-1, Exhibits 41-44).

On September 1, 2020 and November 17, 2020, the Ohio Supreme Court dismissed Mr. Jones' appeals for failure to file a memorandum in support of jurisdiction. (ECF No. 7-1, Exhibits 45-46). On February 16, 2021, Mr. Jones filed another notice of appeal to the Ohio Supreme Court, along with a motion for leave to file a delayed appeal, which the Ohio Supreme Court granted on March 2, 2021. (ECF No. 7-1, Exhibits 47-49).

On March 29, 2021, Mr. Jones filed his memorandum in support of jurisdiction, raising the following propositions of law:

1. Trial court abused its discretion when it denied Appellant's post-sentence motion to withdraw his guilty plea (Crim. R. 32.1) in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

2. Trial court erred when it denied Appellant's post-sentence motion to withdraw his guilty plea without a hearing where appellant presented sufficient operative facts to support the aforementioned motion.

(ECF No. 7-1, Exhibit 50). On May 25, 2021, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (ECF No. 7-1, Exhibit 52).

### G.  Federal Habeas Action

On May 25, 2022, Mr. Jones, acting *pro se*, filed his 28 U.S.C. § 2254 habeas petition. (ECF No. 1). Mr. Jones' habeas petition raises a single ground for relief:

1. Petitioner was denied his right to Effective Assistance of Trial Counsel making his guilty plea not knowingly, intelligently, and voluntarily given.

*Id*. The Warden filed an answer/return of writ on December 14, 2023. (ECF No. 7). Mr. Jones filed his traverse on January 19, 2024. (ECF No. 8). The Warden filed a reply on February 1, 2024. (ECF No. 9).

## IV. STANDARDS OF REVIEW AND GOVERNING LAW

### A.  Jurisdiction

28 U.S.C. § 2254(a) authorizes this court to entertain an application for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him[.]" 28 U.S.C. § 2241(d). The Cuyahoga County Court of Common Pleas sentenced Mr. Jones, and the Court takes judicial notice that Cuyahoga County is within this Court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Mr. Jones' § 2254 petition.

**B. Exhaustion and Procedural Default**

Under AEDPA, state prisoners must exhaust all possible state remedies, or have no remaining state remedies, before a federal court can review a petition for a writ of habeas corpus on the merits. 28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). This entails giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In other words, "the highest court in the state in which the petitioner was convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The exhaustion requirement, however, "refers only to remedies still available at the time of the federal petition." *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982). It "does not require pursuit of a state remedy where such a pursuit is clearly futile." *Wiley v. Sowders*, 647 F.2d 642, 647 (6th Cir. 1981).

Procedural default is a related but "distinct" concept from exhaustion. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). It occurs when a habeas petitioner fails to obtain consideration of a federal constitutional claim by state courts because he failed to: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available. *See generally Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Engle*, 456 U.S. at 125 n.28; *Williams*, 460 F.3d at 806. In determining whether there has been a procedural default, the federal court looks to the last explained state-court judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991); *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000). A claim is fairly presented when it has been asserted as a federal constitutional issue at every stage of the state court review process. *Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d

281, 285 (6th Cir. 2010); *Williams*, 460 F.3d at 806.

The Sixth Circuit has developed a four-part test to determine whether a procedural default precludes a federal court from reaching a petitioner's claim: (1) whether there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with; (2) whether the state court "actually enforced" the state procedural rule; (3) whether the rule is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal claim; and (4) whether the petitioner can demonstrate cause for his failure to follow the procedural rule and actual prejudice from the alleged constitutional error. *Barton v. Warden, Southern Ohio Corr. Facility*, 786 F.3d 450, 464 (6th Cir. 2015) (quoting *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). These factors are commonly known as the "*Maupin*" factors.

As the fourth *Maupin* factor indicates, if a procedural default has occurred, the default can be excused and will not preclude consideration of a claim on federal habeas review if the petitioner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law;" or (2) "failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A "fundamental miscarriage of justice" can occur only when the procedurally defaulted claim – supported by new reliable evidence not presented at trial – would establish that the petitioner was "actually innocent" of the offense. *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006).

### C.  Cognizable Federal Claim

Under 28 U.S.C. § 2254(a), a state prisoner may challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner's claim is not cognizable on habeas review if it "presents no federal issue

at all." *Glaze v. Morgan,* No. 1:19-CV-02974, 2022 WL 467980, at *4 (N.D. Ohio Jan. 18, 2022) (quoting *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991)). Thus, "errors in application of state law . . . are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.").

A federal habeas court does not function as an additional state appellate court; it does not review state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)). Instead, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Id.* (quotation omitted). Moreover, "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).

### D.  **AEDPA Standard of Review**

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), provides in relevant part as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(*Id.*)

12

To determine whether relief should be granted, the Court must use the "look-through" methodology and look to the "last explained state-court judgment" on the petitioner's federal claim. *Ylst*, 501 U.S. at 804 ("The essence of unexplained orders is that they say nothing. We think that a presumption which gives them no effect—which simply 'looks through' them to the last reasoned decision—most nearly reflects the role they are ordinarily intended to play."); *Wilson v. Sellers*, 138 S. Ct. 1188, 1193 (2018) ("We conclude that federal habeas law employs a 'look through' presumption.").

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotations and citations omitted). "[U]nder the unreasonable application clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The unreasonable application clause requires the state court decision to be more than incorrect or erroneous"—it must be "objectively unreasonable." *Id.*

Under § 2254(d)(2), "when a federal habeas petitioner challenges the factual basis for a prior state court decision rejecting a claim, the federal court may overturn the state court's decision only if it was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013)

(quoting 28 U.S.C. § 2254(d)(2)). A state court decision is an "unreasonable determination of the facts" under § 2254(d)(2) only if the trial court made a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528 (2003). A state court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance. *Wood v. Allen*, 558 U.S. 290, 301 (2010). Even if "[r]easonable minds reviewing the record might disagree" about the finding in question, "on habeas review that does not suffice to supersede the trial court's . . . determination." *Rice v. Collins*, 546 U.S. 333, 341-42 (2006). The prisoner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." *Burt*, 571 U.S. at 18 (citing 28 U.S.C. § 2254(e)(1)).

For state prisoners, the § 2254(d) standard "is difficult to meet . . . because it is meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). This is because, "[a]s amended by AEDPA, § 2254(d) is meant only to stop short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Id.* at 103. "It preserves authority to issue the writ in cases where there is no possibility [that] fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents" and "goes no further." *Id.* Thus, in order to obtain federal habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

## V. ANALYSIS

### A. <u>Statute of Limitations</u>

The Warden first argues that Mr. Jones' petition is time-barred because he did not file it until more than a decade after his sentence was imposed. I agree.

AEDPA imposes a one-year statute of limitations upon all applications seeking a writ

of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). Although the statute of limitations is "not jurisdictional," it "effectively bars relief absent a showing that the petitioner's untimeliness should be excused based on equitable tolling and actual innocence." *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009). The one-year limitations period begins to run from the latest of four dates:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Cases become final for purposes of § 2244(d)(1)(A) when the time to file a direct appeal has expired, including the time to file a petition for a writ of certiorari to the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007). Mr. Jones was sentenced on December 12, 2008. (ECF No. 7-1, Exhibits 5, 9). Under Ohio law, Mr. Jones had 30 days to file a notice of appeal to the Eighth Appellate District, or until December 12, 2008. *See* Ohio App. R. 4(a). Mr. Jones did not file an appeal, so his conviction became final for purposes of AEDPA on that date, and the statute of limitations began running the next day. Mr. Jones thus had until December 14, 2009 to file his habeas petition. However, Mr. Jones did not file his petition until May 25, 2022, more than a decade later. (ECF No. 1).[2] Mr.

---

[2] The Warden states that Mr. Jones filed his petition on June 27, 2022, the date that his petition was docketed by the clerk of this Court. (ECF No. 1). However, under the "mailbox" rule, a habeas petition is deemed filed when the prisoner presents the petition to prison officials for mailing. *See Keeling v. Warden, Lebanon Corr.*

Jones' habeas petition is untimely unless some form of tolling applies.

§ 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Accordingly, "[t]he one-year period of limitations is tolled" while a properly filed application state post-conviction or other collateral review is pending. *Keeling*, 673 F.3d at 459 (quoting 28 U.S.C. § 2244(d)(2)).

Mr. Jones filed several post-conviction motions, including a motion to correct his sentence, a petition for mandamus, a motion to compel, and a motion to withdraw his guilty plea. Those filings cannot serve to toll the AEDPA statute of limitations, however, as it is well-settled that statutory tolling under § 2244(d)(2) "does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quotation omitted); *see also Keeling*, 673 F.3d at 462 ("Because the one year statute of limitations period had already expired when Keeling filed the motion, statutory tolling does not apply."). Mr. Jones did not file his first motion, a motion to correct his sentence, until October 8, 2010, nearly a year after his deadline to file a direct appeal expired. (ECF No. 7-1, Exhibit 10). Mr. Jones thus cannot rely on statutory tolling.

Because AEDPA's one-year statute of limitations is not jurisdictional, a court may still entertain an untimely petition if the petitioner is entitled to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). If a petitioner seeks equitable tolling, he must show that: (1) he pursued his rights diligently, and (2) some extraordinary circumstance stood in

---

*Inst.*, 673 F. 3d 452, 456 (6th Cir. 2012). In his petition, Mr. Jones certified that he placed it in the prison mailing system on May 25, 2022. (ECF No. 1, PageID # 14).

his way and prevented timely filing. *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (citing *Holland*, 560 U.S. at 649); *Keeling*, 673 F.3d at 462. "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the 'ultimate burden of persuading the court that he or she is entitled to equitable tolling.'" *Keeling*, 673 F.3d at 462 (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)).

Mr. Jones did not respond to the Warden's statute of limitations argument and has not argued that he is entitled to equitable tolling. Elsewhere in his traverse, however, Mr. Jones asserts that he has made extraordinary efforts to pursue justice and that his trial counsel's ineffectiveness prevented him from filing his habeas petition sooner. (ECF No. 8, PageID # 458). To the extent those statements could be broadly construed as a request for equitable tolling, I agree with the Warden that Mr. Jones has not shown that he pursued his rights diligently given the nearly fifteen years that elapsed between the imposition of Mr. Jones' sentence and the filing of his habeas petition. Nor has he established that extraordinary circumstances prevented him from filing sooner. Mr. Jones is therefore not entitled to equitable tolling.

Finally, Mr. Jones asserts that he is actually innocent of the charges. "[A]ctual innocence, if proved, serves as a gateway through with a petitioner may pass" notwithstanding the one-year statute of limitations under AEDPA. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, a claim of actual innocence "requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Mr. Jones has not presented new evidence demonstrating that he is actually innocent of the relevant charges, and thus cannot avail

17

himself of the actual innocence exception to AEDPA's statute of limitations. Accordingly, I recommend that the Court dismiss Mr. Jones' petition as time-barred. Out an abundance of caution, however, I will proceed to consider the remainder of the parties' arguments.

### B. Habeas Rule 2

The Warden next argues that Mr. Jones' petition should be dismissed because he has failed to comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, which provides that a petition "must," among other things "state the facts supporting each ground." In particular, the Warden notes that Mr. Jones did not allege any facts supporting his claim in his petition, but instead referenced an "attached memorandum" that he failed to attach. (ECF No. 1, PageID # 5).

"To comply with Habeas Rule 2(c), a petitioner must give sufficiently detailed facts to enable the court to determine 'from the face of the petition alone' whether the petition merits further review." *Jackson v. Smith*. No. 1:10 CV 2052, 2011 WL 3566646, at *4 (N.D. Ohio June 13, 2011), *report and recommendation adopted*, 2011 WL 3566771 (N.D. Ohio Aug. 12, 2011) (quoting *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990)). "'Notice' pleading is insufficient in the habeas context, as the petitioner is expected to state facts that point to a real possibility of constitutional error." *Johnson v. Coleman*, No. 3:15 CV 696, 2015 WL 5316254, at *2 (N.D. Ohio Sept. 10, 2015) (citing *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). "Dismissal under Rule 2(c) is appropriate in cases where . . . it is impossible to determine from the petitioner's pleadings the exact errors of fact or law raised for adjudication." *Austin v. Buchanan*, No. 4:20 CV 628, 2020 WL 8910834, at *2 (N.D. Ohio Apr. 2, 2020) (quoting *Reynolds v. Warden, Lebanon Corr. Inst*., No. 2:19-CV-3495, 2019 WL 4862060, at *2 (S.D. Ohio Sept. 9, 2019)). Moreover, "[t]he habeas corpus rules do not require the federal courts to review the entire state court record of a petitioner to determine

18

whether facts supporting the grounds exist." *Jackson*, 2011 WL 3566646 at *4.

The Warden is correct that, because Mr. Jones' petition merely references a supporting memorandum that he did not in fact attach, his petition fails to comply with Habeas Rule 2(c) on its face. As a result, dismissal of Mr. Jones' petition is arguably warranted on that basis. However, "[w]hile there is no requirement to do so, a court does not err in reviewing an otherwise insufficient habeas petition where the claims it raises are based on suppositions drawn from the petitioner's state court appeal." *Carter v. Schweitzer*, No. 3:19-CV-00240, 2022 WL 396736, at *10 (N.D. Ohio Jan. 3, 2022), *report and recommendation adopted*, 2022 WL 393923 (N.D. Ohio Feb. 9, 2022) (considering merits of petition despite petitioner's failure to provide specific facts where petitioner's grounds for relief "parallel[ed] arguments made in his appeal to the Third District"); *see also George v. Smith*, No. 1:20-cv-957, 2022 WL 18144923, at *8 (N.D. Ohio Jan. 12, 2022), *report and recommendation adopted*, 2022 WL 18144924 (N.D. Ohio Feb. 17, 2022) (declining to dismiss *pro se* petition under Habeas Rule 2(c) even though claim was "vague" because claim was clearer "when read in context" of petitioner's memorandum in support of jurisdiction to the Ohio Supreme Court").

Here, Mr. Jones asserts in his petition that he was "denied his right to Effective Assistance of Trial Counsel making his guilty plea not knowingly, intelligently, and voluntarily given." (ECF No. 1, PageID # 5). That ground for relief mirrors the arguments he made in his motion to withdraw his guilty plea and subsequent appeals, and Mr. Jones confirmed in his traverse that he is primarily asserting his trial counsel coerced him into accepting a guilty plea by erroneously informing him that he would receive probation if he pled guilty. (ECF No. 8, PageID # 460-63). Notably, while the Warden asserts that the nature of Mr. Jones' claim is unclear, the Warden also fully addressed the merits of Mr. Jones'

argument in the return of writ. (ECF No. 7, PageID # 49-56). Thus, while dismissal of Mr. Jones' petition for failure to comply with Habeas Rule 2 might be appropriate, I recommend that the Court instead proceed to consider the merits of Mr. Jones' petition.

**C. Ground One: Ineffective Assistance of Counsel**

In his sole ground for relief, Mr. Jones asserts that he received ineffective assistance of trial counsel under the Sixth and Fourteenth Amendments because his trial counsel coerced him into taking a plea and erroneously informed him that he would receive probation if he pled guilty. The Warden responds that Mr. Jones procedurally defaulted on his ineffective assistance claim and that the claim fails on the merits. I will address each argument in turn.

*1. Procedural Default*

The Warden first argues that Mr. Jones procedurally defaulted on his claim to the extent it is based on facts that were already in the record at the time of Mr. Jones' sentencing and could have been raised on direct appeal. The Warden is correct that the Eighth Appellate District applied a procedural bar to record-based claims when affirming the denial of Mr. Jones' motion to withdraw his guilty plea. As the Eighth Appellate District held, "to the extent [Mr.] Jones's ineffective assistance of counsel arguments could have been raised in a direct appeal based on facts in the record, his arguments are barred by res judicata." (ECF No. 7-1, Exhibit 38, ¶ 19). The Warden is also correct that the Eighth Appellate District's application of *res judicata* constitutes an adequate and independent state ground sufficient to result in a procedural default. *See Hand v. Houk*, 871 F.3d 390, 410 (6th Cir. 2017) ("it is established law in this circuit that an Ohio court's application of the doctrine of *res judicata* is an independent and adequate state ground sufficient to bar habeas relief."). Thus, to the extent Mr. Jones bases his ineffective assistance of counsel claim on record-based issues, including "vague references to issues of competency and challenges to counsel's strategy and

preparation" (ECF No. 7-1, Exhibit , 38, ¶ 19), he has procedurally defaulted on the claim.

Mr. Jones argues in his traverse that any procedural default should be excused to avoid a manifest injustice because he is actually innocent of the charges. As noted above in connection with his statute of limitations argument, however, Mr. Jones has not proffered new, reliable evidence  to support his actual innocence claim, and his procedural default therefore cannot be excused on that basis. *See Schlup*, 513 U.S. at 324. I therefore recommend that the Court dismiss any portion of Mr. Jones' ineffective assistance of counsel claim based on record-based arguments that could have been raised during his direct appeal, including Mr. Jones' challenge to his counsel's preparation or competency.

However, the Eighth Appellate District did *not* apply a procedural bar to Mr. Jones' ineffective assistance of counsel claim to the extent it was based on facts outside the original trial record, including Mr. Jones' argument that his trial counsel coerced him to take a plea and erroneously told him he would receive probation. Rather, the court "recognize[d] that arguments regarding threats or promises made by an attorney that rely upon evidence dehors the record are generally not barred by res judicata." (ECF No. 7-1, Exhibit 38, ¶ 20). The court continued:

> In this case, the primary basis of Jones's ineffective assistance of counsel claim is that trial counsel "informed" him that he would be sentenced to probation if he accepted the state's proposed plea agreement. The affidavits submitted in support of his motion to withdraw allege that counsel's advisement was made during private conversations between trial counsel, Jones, and Jones's family members. Accordingly, for the purposes of this appeal, we find Jones's ineffective assistance of counsel arguments predicated on off-the-record conversations with defense counsel are not barred by res judicata.

> *Id.*[3]

---

[3] The Eighth Appellate District also did not hold that Mr. Jones' delay in bringing his motion to withdraw his guilty plea constituted a procedural bar. Rather, the Eighth Appellate District stated that "Crim.R. 32.1 does not

The Ohio Supreme Court then declined to exercise jurisdiction over Mr. Jones' appeal without comment, leaving the Eighth Appellate District's opinion as the last reasoned decision on the issue. *Ylst*, 501 U.S. at 805. Because the Ohio courts did not enforce a procedural bar with respect to Mr. Jones' argument that his trial counsel was ineffective in coercing him to take a plea and advising him that he would receive probation, the second *Maupin* factor is not satisfied with respect to that argument and Mr. Jones has not procedurally defaulted on the claim. *See Lovins v. Parker*, 712 F.3d 283, 297 (6th Cir. 2013) ("because the Tennessee state courts did not 'actually enforce' a state procedural rule in denying [petitioner] relief, the procedural default doctrine does not bar federal habeas review"). I will therefore proceed to consider the merits of that portion of Mr. Jones' claim.

### 2.  Merits

A petitioner claiming ineffective assistance of counsel must show that: (1) counsel's representation "fell below an objective standard of reasonableness," such that he was not performing as counsel guaranteed under the Sixth Amendment; and (2) counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Under the first prong, the petitioner must overcome the "strong[] presum[ption that counsel] rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. For prejudice, the petitioner must show that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

The *Strickland* standard is "extremely deferential" because "'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the

---

prescribe a time limitation for filing a postsentence motion to withdraw a plea," and instead treated Mr. Jones' delay only as a factor to consider when determining whether to permit him to withdraw his plea. *Id*. at ¶ 22.

exercise of reasonable professional judgment.'" *Kelly v. Lazaroff*, 846 F.3d 819, 829 (6th Cir. 2017) (quoting *Strickland*, 466 U.S. at 690). "[T]he goal is not to ensure that a criminal defendant be afforded perfect counsel, but rather 'to ensure that the adversarial testing process works to produce a just result under the standards governing decision." *Id*. (quoting *Strickland*, 466 U.S. at 687).

 *Strickland* applies at the guilty plea stage. Indeed, the Supreme Court has held that, "[b]efore deciding whether to plead guilty, a defendant is entitled to 'the effective assistance of competent counsel.'" *Padilla v. Kentucky*, 559 U.S. 356, 364 (2010) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). To prevail on a *Strickland* claim in the guilty plea context, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "In the Sixth Circuit, a petitioner 'cannot make that showing merely by telling [the court] now that she would have gone to trial then if she had gotten different advice.'" *Shimel v. Warren*, 838 F.3d 685, 698 (6th Cir. 2016) (quoting *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012)). Rather, the petitioner must demonstrate that "a decision to reject the plea bargain would have been rational under the circumstances." *Padilla*, 559 U.S. at 372. The test is an objective one, made "without regard for the idiosyncrasies of the particular decisionmaker." *Hill*, 472 U.S. at 59-60 (quotations omitted). "The rationality of such a rejection is typically based on multiple factors, including the strength of the evidence against a defendant, the lack of viable defenses, and the benefits of the plea bargain." *Plumaj v. Booker*, 629 F. App'x 662, 667 (6th Cir. 2015) (citing *Pilla*, 668 F.3d at 373).

 The Eighth Appellate District addressed the merits of Mr. Jones' *Strickland* claim.

Where the state court reaches the merits of an ineffective assistance of counsel claim, federal habeas courts provide AEDPA deference to that adjudication under § 2254(d).  *Perkins v. McKee,* 411 F. App'x 822, 828 (6th Cir. 2011). The Sixth Circuit has emphasized the double layer of deference that federal courts must give state courts in reviewing federal ineffective assistance of counsel claims under AEDPA:

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement. … An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve. … Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

*Id*. (quoting *Harrington,* 131 S.Ct. 770, 786-88).

In rejecting Mr. Jones' claim, the Eighth Appellate District held as follows:

> Nevertheless, having viewed the motion to withdraw and its accompanying affidavits in their entirety, we are unable to conclude that counsel's performance rendered Jones's plea to be less than knowing, intelligent, and voluntary. In our view, Jones has merely demonstrated that counsel provided Jones and his family with a good faith, albeit inaccurate, estimate as to what the aggregate sentence might be in light of the relevant facts and counsel's experience with the court. However, even if trial counsel had, in fact, led Jones to believe that he could be placed on probation, this court has routinely held that "a lawyer's mistaken prediction about the likelihood of a particular sentence is insufficient to demonstrate ineffective assistance of counsel." *State v. Durrette*, 8th Dist. Cuyahoga No. 104050, 2017-Ohio-7314, ¶ 17, citing *State v. Bari*, 8th Dist. Cuyahoga No. 90370, 2008-Ohio-3663, ¶ 11, and *State v. Williams*, 8th Dist. Cuyahoga No. 88737, 2007-Ohio-5073. Moreover, notwithstanding the allegations raised in the affidavits submitted by Jones, the trial court noted in its judgment entry that "[Jones] was advised on the record at the time of his plea that probation was not possible in either case." Because Jones did not file a transcript of the plea hearing, we must presume regularity with the trial court's sentencing advisements and the validity of the trial court's acceptance of his pleas. *See State v. Woody*, 8th Dist. Cuyahoga No. 92929, 2010-Ohio-72, ¶ 10.

(ECF No. 7-1, Exhibit 38, ¶ 21).

There is some room for doubt regarding the Eighth Appellate District's conclusion that trial counsel merely offered an incorrect prediction regarding Mr. Jones' likely sentence. Mr. Jones does not assert only that counsel's prediction was wrong, but rather than counsel advised him that he would receive probation even though Ohio law precludes courts from sentencing defendants convicted of rape to probation. The Warden does not dispute that probation is unavailable in the event of a rape conviction. And the fact that trial counsel allegedly did not know that Mr. Jones was ineligible for a probation-only sentence arguably means that, assuming Mr. Jones' assertions are true, his counsel's performance fell below an objective standard of reasonableness. *See Byrd v. Skipper*, 940 F.3d 248, 257 (6th Cir. 2019) (holding that trial counsel's performance was constitutionally inadequate where trial counsel "manifested a shocking lack of comprehension regarding the pertinent law" and gave "inaccurate advice" regarding petitioner's likelihood of acquittal) (citing cases); *Magana v. Hofbauer*, 263 F.3d 542, 550 (6th Cir. 2001) ("[trial counsel]'s complete ignorance of the relevant law under which his client was charged, and his consequent gross misadvice to his client regarding the client's potential prison sentence, certainly fell below an objective standard of reasonableness under prevailing professional norms"); *Maples v. Stegall*, 340 F.3d 433, 439 (6th Cir. 2003) (holding that trial counsel's performance "certainly" fell below objective standard of reasonableness where trial counsel erroneously informed petitioner that he could appeal speed-trial claim notwithstanding guilty plea).

I need not resolve whether Mr. Jones has satisfied the first prong of *Strickland*, however as, applying the double layer of deference under AEDPA, the Eighth Appellate District did not err in holding that Mr. Jones failed to demonstrate that he was prejudiced by his counsel's allegedly deficient performance. *See Strickland*, 466 U.S. at 697 ("a court need

not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies"). To the contrary, the Eighth Appellate District noted that the sentencing order states that Mr. Jones was advised during the plea colloquy that he was not eligible for probation, and that Mr. Jones had not rebutted that statement by providing a transcript of the plea hearing or any other evidence. (ECF No. 7-1, Exhibit 38, ¶ 21).

I must defer to the Eighth Appellate District's factual finding that the trial court told Mr. Jones he was ineligible for probation, *see Mitzel*, 267 F.3d at 530, and Mr. Jones has done nothing to rebut it here. And because the trial court advised Mr. Jones during the plea colloquy that he could not be sentenced to probation, he cannot demonstrate prejudice under *Strickland*. *See Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999) ("This court has held that when a defendant denies knowledge of a plea agreement in reliance on his counsel's mistaken advice, this does not amount to prejudice when the court specifically informed him that his counsel's advice was incorrect."); *United States v. Pola*, 703 F. App'x 414, 423 (6th Cir. 2017) ("When an ineffective-assistance claim is based on misleading information regarding the consequences of a plea, a proper plea colloquy is generally deemed to cure any misunderstanding the defendant may have had about the consequences of the plea."). Because the trial court advised Mr. Jones at the sentencing hearing that he was not eligible to receive a sentence of probation, Mr. Jones has not demonstrated that he was prejudiced by his counsel's allegedly erroneous statement that Mr. Jones would receive probation. Accordingly, if the Court determines that Mr. Jones' petition is not time-barred, I alternatively recommend that the Court deny his ineffective assistance of counsel claim on the merits.

## VI. RECOMMENDATION REGARDING CERTIFICATE OF APPEALABILITY

### A. Legal Standard

As amended by AEDPA, 28 U.S.C. § 2253(c)(1) provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "[a] 'substantial showing' requires the applicant to 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further.'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996)). The statute requires that certificates of appealability specify which issues are appealable. 28 U.S.C. § 2253(c)(3).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.*; *see also* 28 U.S.C. § 2253(c)(3) ("The certificate of appealability under [§ 2253(c)(1)] shall indicate which specific issue or issues satisfy the showing required by [§ 2253(c)(2)]."). In light of the Rule 11 requirement that the court either grant or deny the certificate of appealability at the time

27

of its final adverse order, a recommendation regarding the certificate of appealability issue is included here.

**B.** <u>Analysis</u>

Mr. Jones has not made a substantial showing of a denial of a constitutional right for the reasons set forth above. Because jurists of reason would not find these conclusions debatable, I recommend that no certificate of appealability issue in this case.

## VII. RECOMMENDATION

For the foregoing reasons, I RECOMMEND that the Court DISMISS and/or DENY Mr. Jones' petition for a writ of habeas corpus under 28 U.S.C. § 2254. I also recommend that the Court not grant him a certificate of appealability. I further recommend that Warden Tim McConahay be substituted for Warden Douglas Fender as the respondent in this proceeding.

Dated:  July 10, 2024

*/s/ Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

### NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

**Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings

or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).