UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEE JONES, | ) | CASE NO. 1:22-CV-01133 |
| | ) | |
| Petitioner, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN TIMOTHY MCCONAHAY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

Before the Court is the report and recommendation ("R&R") of Magistrate Judge

Jennifer Dowdell Armstrong (Doc. 10) recommending that Lee Jones' ("Petitioner") petition for

a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied.

Petitioner is not represented by counsel.  The docket reflects that a copy of the R&R,

issued on July 10, 2024, was mailed to Petitioner at his address of record that same day.[1]

When a magistrate judge issues a R&R, the relevant statute provides:

Within fourteen days after being served with a copy, any party may serve and file
written objections to such proposed findings and recommendations as provided by
rules of court. A judge of the court shall make a de novo determination of those
portions of the report or specified proposed findings or recommendations to
which objection is made.

---

[1] Petitioner's traverse lists his address as Mansfield Correctional Institution, 1150 North Main
Street P.O. Box 788, Mansfield, Ohio 44901, which differs from his address of record.
(*Compare* Doc. 8 at PageID 452 *with* Doc. 1 at PageID 1.)  Petitioner has not filed a notice of
address change.  Even as a *pro se* litigant, Petitioner has "an affirmative duty to supply the court
with notice of any and all changes in [his] address." *Barber v. Runyon*, 23 F.3d 406 (Table),
1994 WL 163765, at *1 (6th Cir. May 2, 1994); *see also Roundtree v. Tibbals*, No. 3:16-cv-778,
2018 WL 1961157, at *1 (N.D. Ohio Apr. 26, 2018) (applying duty to notify the court of any
change of address to *pro se* prisoner).  Failure to keep the Court apprised of his current address
demonstrates "a lack of prosecution of [this] action." *Roundtree*, 2018 WL 1961157 at *1
(citing *Theede v. United States Dep't of Labor*, 172 F.3d 1262, 1265 (10th Cir. 1999) and *Jordan
v. Jave*, 951 F.3d 108, 109 (6th Cir. 1991)).  This failure alone could warrant dismissal of the
petition.

28 U.S.C. § 636(b)(1)(C) (flush language).  The timeline for submitting objections as well as the consequences for failing to do so are plainly stated in the R&R.  (Doc. 10 at PageID 508-09.)

Petitioner has stated no objections to the R&R and the time for submitting objections has long since passed.  *See Peoples v. Hoover*, 377 F. App'x 461, 463 (6th Cir. 2010) (recognizing that courts have enforced the rule requiring objection to a magistrate report regularly against *pro se* litigants).  The failure to file written objections to the magistrate judge's R&R constitutes a waiver of a *de novo* determination by the district court of any issue addressed in the R&R. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *see also United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

Notwithstanding, having reviewed the R&R in full, the Court hereby ACCEPTS and ADOPTS the R&R.  The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED and this matter DISMISSED.[2]  The Court further certifies that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).


**IT IS SO ORDERED.**


Date:  October 10, 2024                              _____
                                                    BRIDGET MEEHAN BRENNAN
                                                    UNITED STATES DISTRICT JUDGE

---

[2] The Court removes Warden Douglas Fender as the respondent in this action and replaces him with Warden Timothy McConahay.